RE: OPINION REQUEST CONCERNING 22 O.S. 991A-4
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION CONCERNING THE CONSTITUTIONALITY OF THE POPULATION CLASSIFICATION IN 22 O.S. 991A-4 OF TITLE 22. I AM RESPONDING TO THIS REQUEST INFORMALLY AS THE SAME TYPE OF QUESTION APPEARS TO BE CONTROLLED BY PREVIOUS OPINIONS.
FIRST OF ALL, I MUST POINT OUT TO YOU THAT THIS SAME SECTION OF LAW HAS ALREADY BEEN AMENDED TWICE THIS SESSION AND NEITHER BILL REFERS TO THE OTHER. THE AMENDMENTS WHICH HAVE ALREADY BEEN MADE ARE INCONSISTENT WITH ONE ANOTHER. NEITHER, HOWEVER, RELATE TO THE POPULATION FIGURE.
THIS SECTION OF LAW REQUIRES THE DEPARTMENT OF CORRECTIONS TO ADMINISTER A "COMMUNITY SERVICE SENTENCING PROGRAM." HOWEVER, DOC DOES NOT ADMINISTER SUCH A PROGRAM "IN COUNTIES WITH A POPULATION OF FIVE HUNDRED FIFTY THOUSAND (550,000) OR MORE PERSONS THAT OPERATE AN EXISTING PROGRAM." 22 O.S. 991A-4(C) (1990).
THE POPULATION PORTION OF THIS STATUTE DOES NOT, BY ITSELF, CREATE A CONSTITUTIONAL PROBLEM. THIS OFFICE, RELYING ON SEVERAL OPINIONS OF THE OKLAHOMA SUPREME COURT, HAS FOUND THAT THE LEGISLATURE MAY ADOPT LEGISLATIVE CLASSIFICATIONS BASED ON POPULATION, UNDER CERTAIN CONDITIONS. A.G. OPIN. NO. 83-182. POPULATION-BASED CLASSIFICATIONS ARE NOT UNCONSTITUTIONAL AS SPECIAL OR LOCAL LEGISLATION IF (A) THE CLASSIFICATION IS NOT ARBITRARY OR CAPRICIOUS, (B) THE DIFFERENT TREATMENT IS FOUNDED UPON REAL AND SUBSTANTIAL DISTINCTIONS, AND (C) THE DIFFERENT TREATMENT BEARS SOME REASONABLE, RATIONAL RELATION TO THE SUBJECT MATTER. HAMILTON V. OKLAHOMA CITY, 527 P.2D 14, 16 (OKLA. 1974). IN THIS CASE, THE SUPREME COURT UPHELD LEGISLATION WHICH TOOK AWAY ABSOLUTE TORT IMMUNITY FOR CITIES WITH POPULATIONS OVER 200,000. THE COURT FOUND THAT CITIZENS COULD BE AT MORE RISK FROM GOVERNMENTAL TORTS IN LARGE, CONGESTED CITIES, AND THIS WAS A REASONABLE, RATIONAL DISTINCTION FOR THE DIFFERENT TREATMENT.
THE LEGISLATION IN HAMILTON WAS "OPEN-ENDED" IN NATURE. IN OTHER WORDS, COMMUNITIES COULD GAIN IN POPULATION AND EVENTUALLY MEET THE STATUTORY CLASSIFICATION. THE SUPREME COURT HAS STEADFASTLY REJECTED LEGISLATION WHICH CREATES A CLOSED CLASS OF GEOGRAPHICAL AREAS. FOR EXAMPLE IN TULSA EXPOSITION FAIR CORP. V. BD. OF CO. COMMR'S, 468 P.2D 501 (OKLA. 1970), THE COURT FOUND THAT A LEGISLATIVE ATTEMPT TO AUTHORIZE A SPECIFIC TYPE OF FAIR FOR COUNTIES GREATER THAN 100,000 IN POPULATION BUT LESS THAN 200,000, WAS UNCONSTITUTIONAL.
THIS STATUTE ONLY EXCLUDES LARGE COUNTIES "EXISTING PROGRAMS." IF THE "EXISTING PROGRAM" LANGUAGE MEANS THAT IT MUST EXIST AT THE TIME THE LEGISLATION WAS ENACTED, A CLOSED CLASS OF SORTS MAY HAVE BEEN CREATED. SUCH A READING WOULD MEAN THAT IF ALL COUNTIES WITH POPULATIONS LESS THAN 550,000 HAD NO PROGRAM AT THE TIME THE BILL ORIGINALLY PASSED, LARGE COUNTIES WITH PROGRAMS EXISTING AT THE TIME THE LEGISLATION WAS ORIGINALLY ENACTED WOULD BE THE ONLY COUNTIES WHICH COULD EVER MEET THE STATUTORY LANGUAGE. SUCH A READING WOULD RENDER THE STATUTE UNCONSTITUTIONAL. THIS WOULD BE THE TYPE OF CLOSED CLASS, GEOGRAPHICAL LEGISLATION WHICH HAS BEEN STRUCK DOWN BY THE COURT.
COURTS AND THIS OFFICE HAVE A DUTY TO CONSTRUE A STATUTE IN A MANNER TO UPHOLD ITS CONSTITUTIONALITY. CITY OF OKLAHOMA CITY V. OKLAHOMA TAX COMMISSION, 789 P.2D 1287, 1292 (OKLA. 1990). WE MUST READ THIS LANGUAGE TO MEAN THAT ANY COUNTY WHICH INCREASES IN POPULATION AND HAS AN EXISTING PROGRAM AT THE TIME IT MEETS THIS POPULATION LEVEL, WOULD COME WITHIN THE EXCLUSION IN THIS STATUTE. IT WOULD THEN BE A PURE OPEN-ENDED CLASSIFICATION AND COULD BE DEFENDED BASED ON A NUMBER OF ARGUMENTS.
LARGE COUNTIES HAVE MORE PERSONNEL DEVOTED TO CORRECTIONS, SO THAT THEY WOULD NEED LESS ASSISTANCE FROM THE STATE. LARGE, METROPOLITAN AREAS HAVE MANY MORE EMPLOYERS AND GOVERNMENT AGENCIES WHERE OFFENDERS COULD BE PLACED TO DO COMMUNITY SERVICE. IN SHORT, THERE SEEMS TO BE A RATIONAL, REASONABLE REASON FOR THE "LARGE COUNTY" CLASSIFICATION FOR THIS TYPE OF PROGRAM. THIS STATUTE WOULD NOT SEEM TO BE AN UNCONSTITUTIONAL LOCAL OR SPECIAL LAW.
(THOMAS L. SPENCER)